# EXHIBIT A

FILED: WESTCHESTER COUNTY CLERK 04/25/2017 04:27 PM    INDEX NO. 56151/2017
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 04/26/2017

*STATE OF NEW YORK*

*SUPREME COURT          COUNTY OF WESTCHESTER*

---

*CARLA SANCHEZ*

|  |  |
|---|---|
| *Plaintiff.* | *SUMMONS* |
|  | *Index No.:* |

*vs.*

*PAMELA GILLEY,*
*BONNIE BLINK,*
*KAREN PARK,*
*JACKIE SPIARS.*

*Defendants.*

---

To the above named defendants:

**YOU ARE HEREBY SUMMONED** and required to serve upon plaintiffs' attorneys a answer to the complaint in this action within twenty days after the service of this summons, exclusive of the day of service, or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: April 25, 2017

*Nancy Guttenberg*
Nancy Ferguson Guttenberg Esq.

Attorney for Plaintiff

399 Hawley Road

North Salem, New York 10560

Trial is desired in the County of Westchester.

The basis of venue designated above is that Plaintiff maintains businesses in the County of Westchester.

~1~

FILED: WESTCHESTER COUNTY CLERK 04/25/2017 04:27 PM   INDEX NO. 56151/2017
NYSCEF DOC. NO. 1                                       RECEIVED NYSCEF: 04/26/2017

*SUPREME COURT OF THE STATE OF NEW YORK*

*COUNTY OF WESTCHESTER*

-------------------------------------------------------------x

*CARLA SANCHEZ.*

|  |  |
|---|---|
| *Plaintiff,* | *Index No.* |
| *- against -* | *COMPLAINT* |

*PAMELA GILLEY,*
*BONNIE BLINK,*
*KAREN PARK,*
*JACKIE SPIARS.*

*Defendants,*

-------------------------------------------------------------x

*Plaintiff, Carla Sanchez, for her Complaint against defendants, individually Pamela Gilley, Bonnie Blink, Karen Park, Jackie Spiars, hereby alleges:*

1. Carla Sanchez, ("Mrs. Sanchez") does business from 399 Hawley Road North Salem, New York, 10560. Mrs. Sanchez is the President of the Not-for-Profit, "Sister's at a Crossroads", located in Westchester County New York. The Not-for-Profit's Headquarters are located at 399 Hawley Road, North Salem, New York, 10560. Mrs. Sanchez is also an internationally recognized breeder and exhibiter of Mastiffs, founder of Southport Mastiff's, and exhibits in New York. Mrs. Sanchez is also a member of Classic Distributing and Beverage Group, which does business nationally and in New York. Mrs. Sanchez has used her Mastiffs in the development of good will not only for her charitable work for abused and battered women, but on behalf of Classic Distributing and Beverage Group.

2. Upon information and belief, Pamela Gilley resides at 52205 East 48th Strasburg Colorado 80136.

3. Upon information and belief, Bonnie Blink resides at 31445 Lazy Ridge Road, Waller Texas 77484-9773.

4. Upon information and belief, Karen Park resides at 559 West 425 South Layton Utah, 84041.

5. Upon information and belief, Jackie Spiars resides at 12321 Hope Creek Road, College Station Texas, 77845.

~2~

FILED: WESTCHESTER COUNTY CLERK 04/25/2017 04:27 PM   INDEX NO. 56151/2017

NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 04/26/2017

## AS AND FOR A FIRST CAUSE OF ACTION

6. Plaintiff re-alleges the allegations contained in paragraphs 1 through 5, with the same force and effect as if fully set forth herein.

7. On or about April 20th 2016 and continuing through the month of May 2016, Defendant Gilley submitted a two page handwritten "Complaint" to the Mastiff Club of America Inc., which is a Not-for-Profit Social Club incorporated in the State of New York whose purpose is to conduct confirmation dog shows under the rules and regulation of the American Kennel Club Inc., which is a Not-for-Profit Dog Registry Incorporated under the Statutes of New York, to be reviewed and heard by a "Bench Hearing".

8. Defendant Gilley published the following disparaging and defaming statement in her Complaint, and published it amongst the members of the Mastiff Club of America Inc. (hereinafter referred to as the "MCOA").

9. Defendant Gilley's Complaint stated that "Joe and Carla came from the opposite side of the room to "**verbally attack**" me."

10. Defendant Gilley's publication that Mrs. Sanchez came across the room to "**verbally attack**" Gilley is untrue, disparaging, and defamatory causing immediate and irreparable damage to Mrs. Sanchez's professional reputation as the President of "Sister's at a Crossroad" (a shelter and battered women and their children), as a member of Classic Distributing and Beverage Group, and founder of Southport Mastiffs, and as a breeder, seller and exhibitor of purebred Mastiffs, Pekinese, Boston Terriers, and Bull Mastiffs and, as a member of MCOA, and other breed clubs.

11. Based upon Gilley's libelous publication, Mrs. Sanchez demands damages in the amount of $1,000,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION

12. Plaintiff re-alleges the allegations contained in paragraphs 1 through 5, 7 through 11 with the same force and effect as if fully set forth herein.

13. On or about April 20th 2016 and continuing through the month of May 2016, Defendant Gilley submitted a two page handwritten "Complaint" to the Mastiff Club of America Inc., which is a Not-for-Profit Social Club incorporated in the State of New York whose purpose is to conduct confirmation dog shows under the rules and regulation of the American Kennel Club Inc., which is a Not-for-Profit Dog Registry Incorporated under the Statutes of New York, to be reviewed and heard by a "Bench Hearing".

~3~

FILED: WESTCHESTER COUNTY CLERK 04/25/2017 04:27 PM    INDEX NO. 56151/2017

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 04/26/2017

14. Defendant Gilley published the following disparaging and defaming statement in her Complaint, and published it amongst the members of the MCOA.

15. Defendant Gilley's Complaint stated that "Joe accused my dog of being in several Altercations – "4 or 5". "**Carla loudly accused me of having told her that Finn was vicious while I was working for Carla, which was completely untrue**"."

16. Defendant Gilley's publication that Mrs. Sanchez "**Carla loudly accused me of having told her that Finn was vicious while I was working for Carla, which was completely untrue**" is untrue, disparaging, and defamatory causing immediate and irreparable damage to Mrs. Sanchez's professional reputation as the President of "Sister's at a Crossroad", as a member of Classic Distributing and Beverage Group and founder of Southport Mastiffs, and as a breeder, seller and exhibitor of purebred Mastiffs, Pekinese, Boston Terriers, and Bull Mastiffs and, as a member of MCOA, and other breed clubs.

17. Defendant Gilley, has libeled Mrs. Sanchez causing her immediate and irreparable damage to her good name and reputation.

18. Based upon Gilley's libelous publication, Mrs. Sanchez demands damages in the amount of $500,000.00.

## AS AND FOR A THIRD CAUSE OF ACTION

19. Plaintiff re-alleges the allegations contained in paragraphs 1 through 5, 7 through 11, 13 through 18 with the same force and effect as if fully set forth herein.

20. On or about April 20th 2016 and continuing through the month of May 2016, Defendant Gilley submitted a two page handwritten "Complaint" to the Mastiff Club of America Inc., which is a Not-for-Profit Social Club incorporated in the State of New York whose purpose is to conduct confirmation dog shows under the rules and regulation of the American Kennel Club Inc., which is a Not-for-Profit Dog Registry Incorporated under the Statutes of New York, to be reviewed and heard by a "Bench Hearing".

21. Defendant Gilley published the following disparaging and defaming statement in her Complaint, and published it amongst the members of the MCOA.

22. Defendant Gilley's Complaint stated that "Despite being asked repeatedly by myself and several other persons to move away, back off and stop **"attacking me"**, Joe and Carla continued to harass me and my clients."

23. Defendant Gilley's publication that Mrs. Sanchez **"attacking me"**, is untrue, disparaging, and defamatory causing immediate and irreparable damage to Mrs. Sanchez's professional reputation as the President of "Sister's at a Crossroad",

~4~

member of Classic Distributing and Beverage Group and founder of Southport Mastiffs, and as a breeder, seller and exhibitor of purebred Mastiffs, Pekinese, Boston Terriers, and Bull Mastiffs and, as a member of MCOA, and other breed clubs.

24. Defendant Gilley has libeled Mrs. Sanchez causing her immediate and irreparable damage to her good name and reputation.

25. Based upon Gilley's libelous publication Mrs. Sanchez demands damages in the amount of $1,000,000.00.

## AS AND FOR A FOURTH CAUSE OF ACTION

26. Plaintiff re-alleges the allegations contained in paragraphs 1 through 5, 7 through 11, 13 through 18, 20 through 25 with the same force and effect as if fully set forth herein.

27. On or about April 20th 2016 and continuing through the month of May 2016, Defendant Gilley submitted a two page handwritten "Complaint" to the Mastiff Club of America Inc., which is a Not-for-Profit Social Club incorporated in the State of New York whose purpose is to conduct confirmation dog shows under the rules and regulation of the American Kennel Club Inc., which is a Not-for-Profit Dog Registry Incorporated under the Statutes of New York, to be reviewed and heard by a "Bench Hearing".

28. Defendant Gilley published the following disparaging and defaming statement in her Complaint, and published it amongst the members of the MCOA.

29. Defendant Gilley's Complaint stated that "Despite being asked repeatedly by myself and several other persons to move away, back off and stop attacking me, Joe and Carla continued to **"harass me"** and my clients."

30. Defendant Gilley's publication that Mrs. Sanchez "Despite being asked repeatedly by myself and several other persons to move away, back off and stop attacking me, Joe and Carla continued to **"harass me"** and my clients." is untrue, disparaging, and defamatory causing immediate and irreparable damage to Mrs. Sanchez's professional reputation as the President of "Sister's at a Crossroad", member of Classic Distributing and Beverage Group and founder of Southport Mastiffs, and as a breeder, seller and exhibitor of purebred Mastiffs, Pekinese, Boston Terriers, and Bull Mastiffs and, as a member of MCOA, and other breed clubs.

31. Defendant Gilley as a professional handler and member of MCOA, has libeled Mrs. Sanchez causing her immediate and irreparable damage to her good name and reputation.

~5~

FILED: WESTCHESTER COUNTY CLERK 04/25/2017 04:27 PM   INDEX NO. 56151/2017
NYSCEF DOC. NO. 1                                      RECEIVED NYSCEF: 04/26/2017

32. Based upon Gilley's libelous publication, Mrs. Sanchez demands damages in the amount of $500,000.00.

## AS AND FOR A FIFTH CAUSE OF ACTION

33. Plaintiff re-alleges the allegations contained in paragraphs 1 through 5, 7 through 11, 13 through 18, 20 through 25, 27 through 32 with the same force and effect as if fully set forth herein.

34. On or about April 20th,21st,22nd 2016, and continuing through the month of May 2016, Defendant Blink as Show Chair of the MCOA National Specialty was made aware of the Complaint submitted by Gilley. Blink individually, and as Show Chair of the MCOA, authorized a "Bench Hearing" pursuant to the rules and regulations of the MCOA and the AKC.

35. Upon information and belief Blink harbored resentments toward Mrs. Sanchez that had developed over the years. In addition, Blink is known to have a strong personal relationship with Gilley. Due to these conflicts Blink recused herself from the actual Bench Hearing. Defendant Blink, however did not recuse herself prior to the publication of the disparaging, defaming, and spurious statement contained in the Complaint.

36. Defendant Blink republished Gilley's statement "Joe and Carla came from the opposite side of the room to **verbally attack me**."

37. Defendant Blink's republication of Gilley's Complaint stating that Mrs. Sanchez "**verbally attack**" Gilley is untrue, disparaging, and defamatory causing immediate and irreparable damage to Mrs. Sanchez's professional reputation as the President of "Sister's at a Crossroad", member of Classic Distributing and Beverage Group and founder of Southport Mastiffs,  and as a breeder, seller and exhibitor of purebred Mastiffs, Pekinese, Boston Terriers, and Bull Mastiffs and, as a member of MCOA, and other breed clubs.

38. Defendant Blink as an individual and as the Show Chair of MCOA National Specialty, has libeled Mrs. Sanchez causing her immediate and irreparable damage to her good name and reputation.

39. Based upon Blink's republication of Defendant Gilley's libelous statement, Mrs. Sanchez demands damages in the amount of $1,000,000.00.

## AS AND FOR A SIXTH CAUSE OF ACTION

40. Plaintiff re-alleges the allegations contained in paragraphs 1 through 5, 7 through 11, 13 through 18, 20 through 25, 27 through 32, 34 through 39 with the same force and effect as if fully set forth herein.

FILED: WESTCHESTER COUNTY CLERK 04/25/2017 04:27 PM          INDEX NO. 56151/2017
NYSCEF DOC. NO. 1                                         RECEIVED NYSCEF: 04/26/2017

41. On or about April 20th,21st,22nd 2016 and continuing through the month of May
2016, Defendant Blink as Show Chair of the MCOA National Specialty was
made aware of the Complaint submitted by Gilley. Blink individually, and as
Show Chair of the MCOA, authorized a "Bench Hearing" pursuant to the rules
and regulations of the MCOA and the AKC.

42. Upon information and belief Blink harbored resentments toward Mrs. Sanchez
that had developed over the years. In addition, Blink is known to have a strong
personal relationship with Gilley. Due to these conflicts Blink recused herself
from the actual Bench Hearing. Defendant Blink, however did not recuse herself
prior to the publication of the disparaging, defaming, and spurious statement
contained in the Complaint.

43. Defendant Blink republished Gilley's statement "Joe accused my dog of being in
several Altercations – "4 or 5". Carla loudly accused me of having told her **that
Finn was vicious while I was working for Carla, which was completely
untrue."**

44. Defendant Blink's republication of Gilley's Complaint stating that Mrs. Sanchez
"Joe accused my dog of being in several Altercations – "4 or 5". Carla loudly
accused me of having told her **that Finn was vicious while I was working for
Carla, which was completely untrue."** is untrue, disparaging, and defamatory
causing immediate and irreparable damage to Mrs. Sanchez's professional
reputation as the President of "Sister's at a Crossroad", member of Classic
Distributing and Beverage Group and founder of Southport Mastiffs, and as a
breeder, seller and exhibitor of purebred Mastiffs, Pekinese, Boston Terriers, and
Bull Mastiffs and, as a member of MCOA, and other breed clubs.

45. Defendant Blink as an individual, and as the Show Chair of MCOA National
Specialty, has libeled Mrs. Sanchez causing her immediate and irreparable
damage to her good name and reputation.

46. Based upon Blink's republication of Defendant Gilley's libelous statement, Mrs.
Sanchez demands damages in the amount of $1,000,000.00.

## AS AND FOR A SEVENTH CAUSE OF ACTION

47. Plaintiff re-alleges the allegations contained in paragraphs 1 through 5, 7 through
11, 13 through 18, 20 through 25, 27 through 32, 34 through 39, 41 through 46,
with the same force and effect as if fully set forth herein.

~7~

FILED: WESTCHESTER COUNTY CLERK 04/25/2017 04:27 PM    INDEX NO. 56151/2017

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 04/26/2017

48. On or about April 20th,21st,22nd 2016 and continuing through the month of May 2016, Defendant Blink as Show Chair of the MCOA National Specialty was made aware of the Complaint submitted by Gilley. Blink individually, and as Show Chair of the MCOA, authorized a "Bench Hearing" pursuant to the rules and regulations of the MCOA and the AKC.

49. Upon information and belief Blink harbored resentments toward Mrs. Sanchez that had developed over the years. In addition, Blink is known to have a strong personal relationship with Gilley. Due to these conflicts Blink recused herself from the actual Bench Hearing. Defendant Blink, however, did not recuse herself prior to the publication of the disparaging, defaming, and spurious statement contained in the Complaint.

50. Defendant Blink republished Gilley's statement "Despite being asked repeatedly by myself and several other persons to move away, back off and stop **"attacking me"**, Joe and Carla continued to "harass me and my clients"."

51. Defendant Blink's republication of Gilley's Complaint stating that Mrs. Sanchez **"attacking me"** is untrue, disparaging, and defamatory causing immediate and irreparable damage to Mrs. Sanchez's professional reputation as the President of "Sister's at a Crossroad", member of Classic Distributing and Beverage Group and founder of Southport Mastiffs,  and as a breeder, seller and exhibitor of purebred Mastiffs, Pekinese, Boston Terriers, and Bull Mastiffs and, as a member of MCOA, and other breed clubs.

52. Defendant Blink as an individual and as the Show Chair of MCOA National Specialty, has libeled Mrs. Sanchez causing her immediate and irreparable damage to her good name and reputation

53. Based upon Blink's republication of Defendant Gilley's libelous statement, Mrs. Sanchez demands damages in the amount of $1,000,000.00.

## AS AND FOR A EIGHTH CAUSE OF ACTION

54. Plaintiff re-alleges the allegations contained in paragraphs 1 through 5, 7 through 11, 13 through 18, 20 through 25, 27 through 32, 34 through 39, 41 through 46, 48 through 53, with the same force and effect as if fully set forth herein.

55. On or about April 20th,21st,22nd 2016 and continuing through the month of May 2016, Defendant Blink as Show Chair of the MCOA National Specialty was made aware of the Complaint submitted by Gilley. Blink individually and as Show Chair of the MCOA authorized a "Bench Hearing" pursuant to the rules and regulations of the MCOA and the AKC.

56. Upon information and belief Blink harbored resentments toward Mrs. Sanchez that had developed over the years. In addition, Blink is known to have a strong

personal relationship with Gilley. Due to these conflicts Blink recused herself from the actual Bench Hearing. Defendant Blink, however, did not recuse herself prior to the publication of the disparaging, defaming, and spurious statement contained in the Complaint.

57. Defendant Blink republished Gilley's statement "Despite being asked repeatedly by myself and several other persons to move away, back off and stop attacking me, Joe and Carla continued to **"harass me"** and my clients."

58. Defendant Blink's republication of Gilley's Complaint stating that Mrs. Sanchez **"harass me"** is untrue, disparaging, and defamatory causing immediate and irreparable damage to Mrs. Sanchez's professional reputation as the President of "Sister's at a Crossroad", member of Classic Distributing and Beverage Group and founder of Southport Mastiffs, and as a breeder, seller and exhibitor of purebred Mastiffs, Pekinese, Boston Terriers, and Bull Mastiffs and, as a member of MCOA, and other breed clubs.

59. Defendant Blink as an individual and as the Show Chair of MCOA National Specialty, has libeled Mrs. Sanchez causing her immediate and irreparable damage to her good name and reputation.

60. Based upon Blink's republication of Defendant Gilley's libelous statement, Mrs. Sanchez demands damages in the amount of $1,000,000.00.

## AS AND FOR A NINETH CAUSE OF ACTION

61. Plaintiff re-alleges the allegations contained in paragraphs 1 through 5, 7 through 11, 13 through 18, 20 through 25, 27 through 32, 34 through 39, 41 through 46, 48 through 53, 55 through 60 with the same force and effect as if fully set forth herein.

62. On or about April 20th,21st,22nd 2016 and continuing through the month of May 2016, Defendant Park as Bench Chair of the MCOA National Specialty was made aware of the Complaint submitted by Gilley. Park individually and as Bench Chair of the MCOA authorized a "Bench Hearing" and appointed judges to conduct a Bench Hearing of Mrs. Sanchez hearing the libelous Complaint submitted by Defendant Gilley pursuant to the rules and regulations of the MCOA and the AKC.

63. Upon information and belief Park harbored resentments toward Mrs. Sanchez that had developed over the years of showing dogs. Defendant Park did not recuse herself from reviewing the Complaint or conducting the hearing. Park's republished the disparaging, defaming, and spurious statement contained in Gilley's Complaint.

~9~

FILED: WESTCHESTER COUNTY CLERK 04/25/2017 04:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 56151/2017

RECEIVED NYSCEF: 04/26/2017

64. Defendant Park republished Gilley's statement "Joe and Carla came from the opposite side of the room to "**verbally attack**" me."

65. Defendant Park's republication of Gilley's Complaint stating that Mrs. Sanchez "**verbally attack**" Gilley is untrue, disparaging, and defamatory causing immediate and irreparable damage to Mrs. Sanchez's professional reputation as the President of "Sister's at a Crossroad", member of Classic Distributing and Beverage Group and founder of Southport Mastiffs,  and as a breeder, seller and exhibitor of purebred Mastiffs, Pekinese, Boston Terriers, and Bull Mastiffs and, as a member of MCOA, and other breed clubs.

66. Defendant Park as an individual and as the Bench Chair of MCOA National Specialty, has libeled Mrs. Sanchez causing her immediate and irreparable damage to her good name and reputation.

67. Based upon Park's republication of Defendant Gilley's libelous statement, Mrs. Sanchez demands damages in the amount of $1,000,000.00.

## AS AND FOR A TENTH CAUSE OF ACTION

68. Plaintiff re-alleges the allegations contained in paragraphs 1 through 5, 7 through 11, 13 through 18, 20 through 25, 27 through 32, 34 through 39, 41 through 46, 48 through 53, 55 through 60, 62 through 67 with the same force and effect as if fully set forth herein.

69. On or about April 20th,21st,22nd 2016 and continuing through the month of May 2016, Defendant Park as Bench Chair of the MCOA National Specialty was made aware of the Complaint submitted by Gilley. Park individually and as Bench Chair of the MCOA authorized a "Bench Hearing" and appointed judges to conduct a Bench Hearing of Mrs. Sanchez hearing the libelous Complaint submitted by Defendant Gilley pursuant to the rules and regulations of the MCOA and the AKC.

70. Upon information and belief Park harbored resentments toward Mrs. Sanchez that had developed over the years of showing dogs. Defendant Park did not recuse herself from reviewing the Complaint or conducting the hearing. Park's republished the disparaging, defaming, and spurious statement contained in Gilley's Complaint.

71. Defendant Park republished Gilley's statement "Joe accused my dog of being in several Altercations – "4 or 5". Carla loudly accused me of having told her "**that Finn was vicious while I was working for Carla, which was completely untrue.**""

72. Defendant Park's republication of Gilley's Complaint stating that Mrs. Sanchez "**that Finn was vicious while I was working for Carla, which was completely**

~10~

INDEX NO. 56151/2017

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 04/26/2017

**untrue."** is untrue, disparaging, and defamatory causing immediate and irreparable damage to Mrs. Sanchez's professional reputation as the President of "Sister's at a Crossroad", member of Classic Distributing and Beverage Group and founder of Southport Mastiffs, and as a breeder, seller and exhibitor of purebred Mastiffs, Pekinese, Boston Terriers, and Bull Mastiffs and, as a member of MCOA, and other breed clubs.

73. Defendant Park as an individual and as the Bench Chair of MCOA National Specialty, has libeled Mrs. Sanchez causing her immediate and irreparable damage to her good name and reputation.

74. Based upon Park's republication of Defendant Gilley's libelous statement, Mrs. Sanchez demands damages in the amount of $1,000,000.00.

## AS AND FOR A ELEVENTH CAUSE OF ACTION

75. Plaintiff re-alleges the allegations contained in paragraphs 1 through 5, 7 through 11, 13 through 18, 20 through 25, 27 through 32, 34 through 39, 41 through 46, 48 through 53, 55 through 60, 62 through 67, 69 through 74 with the same force and effect as if fully set forth herein.

76. On or about April 20th, 21st, 22nd 2016 and continuing through the month of May 2016, Defendant Park as Bench Chair of the MCOA National Specialty was made aware of the Complaint submitted by Gilley. Park individually and as Bench Chair of the MCOA authorized a "Bench Hearing" and appointed judges to conduct a Bench Hearing of Mrs. Sanchez hearing the libelous Complaint submitted by Defendant Gilley pursuant to the rules and regulations of the MCOA and the AKC.

77. Upon information and belief Park harbored resentments toward Mrs. Sanchez that had developed over the years of showing dogs. Defendant Park did not recuse herself from reviewing the Complaint or conducting the hearing. Park's republished the disparaging, defaming, and spurious statement contained in Gilley's Complaint.

78. Defendant Park republished Gilley's statement "Despite being asked repeatedly by myself and several other persons to move away, back off and stop **"attacking me"**, Joe and Carla continued to harass me and my clients."

79. Defendant Park's republication of Gilley's Complaint stating that Mrs. Sanchez was **"attacking me"**, is untrue, disparaging, and defamatory causing immediate and irreparable damage to Mrs. Sanchez's professional reputation as the President of "Sister's at a Crossroad", member of Classic Distributing and Beverage Group and founder of Southport Mastiffs, and as a breeder, seller and exhibitor of purebred Mastiffs, Pekinese, Boston Terriers, and Bull Mastiffs and, as a member of MCOA, and other breed clubs.

~11~

FILED: WESTCHESTER COUNTY CLERK 04/25/2017 04:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 56151/2017

RECEIVED NYSCEF: 04/26/2017

80. Defendant Park as an individual and as the Bench Chair of MCOA National Specialty, has libeled Mrs. Sanchez causing her immediate and irreparable damage to her good name and reputation.

81. Based upon Park's republication of Defendant Gilley's libelous statement, Mrs. Sanchez demands damages in the amount of $1,000,000.00.

## AS AND FOR A TWELTFH CAUSE OF ACTION

82. Plaintiff re-alleges the allegations contained in paragraphs 1 through 5, 7 through 11, 13 through 18, 20 through 25, 27 through 32, 34 through 39, 41 through 46, 48 through 53, 55 through 60, 62 through 67, 69 through 74, 76 through 81 with the same force and effect as if fully set forth herein.

83. On or about April 20th,21st,22nd 2016 and continuing through the month of May 2016, Defendant Park as Bench Chair of the MCOA National Specialty was made aware of the Complaint submitted by Gilley. Park individually and as Bench Chair of the MCOA authorized a "Bench Hearing" and appointed judges to conduct a Bench Hearing of Mrs. Sanchez hearing the libelous Complaint submitted by Defendant Gilley pursuant to the rules and regulations of the MCOA and the AKC.

84. Upon information and belief Park harbored resentments toward Mrs. Sanchez that had developed over the years of showing dogs. Defendant Park did not recuse herself from reviewing the Complaint or conducting the hearing. Park's republished the disparaging, defaming, and spurious statement contained in Gilley's Complaint.

85. Defendant Park republished Gilley's statement "Despite being asked repeatedly by myself and several other persons to move away, back off and stop attacking me, Joe and Carla continued to **"harass me"** and my clients."

86. Defendant Park's republication of Gilley's Complaint stating that Mrs. Sanchez **"harass me"** is untrue, disparaging, and defamatory causing immediate and irreparable damage to Mrs. Sanchez's professional reputation as the President of "Sister's at a Crossroad", member of Classic Distributing and Beverage Group and founder of Southport Mastiffs, and as a breeder, seller and exhibitor of purebred Mastiffs, Pekinese, Boston Terriers, and Bull Mastiffs and, as a member of MCOA, and other breed clubs.

87. Defendant Park as an individual and as the Bench Chair of MCOA National Specialty, has libeled Mrs. Sanchez causing her immediate and irreparable damage to her good name and reputation.  Mrs. Sanchez is currently mourning the loss of her beloved husband, Joseph Sanchez who together with his beloved wife, Carla Sanchez, founded Classic Distributing and Beverage Group and

FILED: WESTCHESTER COUNTY CLERK 04/25/2017 04:27 PM   INDEX NO. 56151/2017
NYSCEF DOC. NO. 1   RECEIVED NYSCEF: 04/26/2017

Southport Mastiffs and further more supported her in her charitable works. Due to her state of mourning Mrs. Sanchez's health has been seriously and permanently impacted by Defendant Gilley's defaming, disparaging and spurious publications.

88. Based upon Park's republication of Defendant Gilley's libelous statement, Mrs. Sanchez demands damages in the amount of $1,000,000.00.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION

89. Plaintiff re-alleges the allegations contained in paragraphs 1 through 5, 7 through 11, 13 through 18, 20 through 25, 27 through 32, 34 through 39, 41 through 46, 48 through 53, 55 through 60, 62 through 67, 69 through 74, 76 through 81, 83 through 88 with the same force and effect as if fully set forth herein.

90. On or about April 20th,21st,22nd 2016 and continuing through the month of May 2016, Defendant Spiars as an individual and as an appointed Judge by Defendant Park to the MCOA Bench Hearing of Mrs. Sanchez. Spiars was made aware of the libelous Complaint submitted by Defendant Gilley. Defendant Spiars republished said libelous statement in her review of the Bench Hearing prior to the Bench Hearing.

91. Defendant Spiars republished Gilley's statement "Joe and Carla came from the opposite side of the room to "**verbally attack**" me."

92. Defendant Spiars's republication of Gilley's Complaint stating that Mrs. Sanchez "**verbally attack**" Gilley is untrue, disparaging, and defamatory causing immediate and irreparable damage to Mrs. Sanchez's professional reputation as the President of "Sister's at a Crossroad", member of Classic Distributing and Beverage Group and founder of Southport Mastiffs, and as a breeder, seller and exhibitor of purebred Mastiffs, Pekinese, Boston Terriers, and Bull Mastiffs and, as a member of MCOA, and other breed clubs.

93. Defendant Spiars as an individual and as the Judge, has libeled Mrs. Sanchez causing her immediate and irreparable damage to her good name and reputation.

94. Based upon Spiars's republication of Defendant Gilley's libelous statement, Mrs. Sanchez demands damages in the amount of $1,000,000.00.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION

95. Plaintiff re-alleges the allegations contained in paragraphs 1 through 5, 7 through 11, 13 through 18, 20 through 25, 27 through 32, 34 through 39, 41 through 46, 48 through 53, 55 through 60, 62 through 67, 69 through 74, 76 through 81, 83 through 88, 90 through 94 with the same force and effect as if fully set forth herein.

~13~

FILED: WESTCHESTER COUNTY CLERK 04/25/2017 04:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 56151/2017

RECEIVED NYSCEF: 04/26/2017

96. On or about April 20th,21st,22nd 2016 and continuing through the month of May 2016, Defendant Spiars as an individual and as an appointed Judge by Defendant Park to the MCOA Bench Hearing of Mrs. Sanchez. Spiars was made aware of the libelous Complaint submitted by Defendant Gilley. Defendant Spiars republished said libelous statement in her review of the Bench Hearing prior to the Bench Hearing.

97. Defendant Spiars republished Gilley's statement "Joe accused my dog of being in several Altercations – "4 or 5". Carla loudly accused me of having told her **"that Finn was vicious while I was working for Carla, which was completely untrue.""**

98. Defendant Spiars's republication of Gilley's Complaint stating that Mrs. Sanchez **"that Finn was vicious while I was working for Carla, which was completely untrue."** is untrue, disparaging, and defamatory.

99. Defendants Spiars's libelous republication has caused immediate and irreparable damage to Mrs. Sanchez's professional reputation as the President of "Sister's at a Crossroad", member of Classic Distributing and Beverage Group and founder of Southport Mastiffs, and as a breeder, seller and exhibitor of purebred Mastiffs, Pekinese, Boston Terriers, and Bull Mastiffs and, as a member of MCOA, and other breed clubs.

100. Defendant Spiars as an individual and as the Judge, has libeled Mrs. Sanchez causing her immediate and irreparable damage to her good name and reputation.

101. Based upon Spiars's republication of Defendant Gilley's libelous statement, Mrs. Sanchez demands damages in the amount of $1,000,000.00.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION

102. Plaintiff re-alleges the allegations contained in paragraphs 1 through 5, 7 through 11, 13 through 18, 20 through 25, 27 through 32, 34 through 39, 41 through 46, 48 through 53, 55 through 60, 62 through 67, 69 through 74, 76 through 81, 83 through 88, 90 through 94, 96 through 101, with the same force and effect as if fully set forth herein.

103. On or about April 20th,21st,22nd 2016 and continuing through the month of May 2016, Defendant Spiars as an individual and as an appointed Judge by Defendant Park to the MCOA Bench Hearing of Mrs. Sanchez. Spiars was made aware of the libelous Complaint submitted by Defendant Gilley. Defendant Spiars republished said libelous statement in her review of the Bench Hearing prior to the Bench Hearing.

~14~

FILED: WESTCHESTER COUNTY CLERK 04/25/2017 04:27 PM    INDEX NO. 56151/2017

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 04/26/2017

104. Defendant Spiars republished Gilley's statement "Despite being asked repeatedly by myself and several other persons to move away, back off and stop **"attacking me"**, Joe and Carla continued to harass me and my clients."

105. Defendant Spiars's republication of Gilley's Complaint stating that Mrs. Sanchez **"attacking me"**, is untrue, disparaging, and defamatory causing immediate and irreparable damage to Mrs. Sanchez's professional reputation as the President of "Sister's at a Crossroad", member of Classic Distributing and Beverage Group and founder of Southport Mastiffs, and as a breeder, seller and exhibitor of purebred Mastiffs, Pekinese, Boston Terriers, and Bull Mastiffs and, as a member of MCOA, and other breed clubs.

106. Defendant Spiars as an individual and as the Judge, has libeled Mrs. Sanchez causing her immediate and irreparable damage to her good name and reputation.

107. Based upon Spiars's republication of Defendant Gilley's libelous statement, Mrs. Sanchez demands damages in the amount of $1,000,000.00.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION

108. Plaintiff re-alleges the allegations contained in paragraphs 1 through 5, 7 through 11, 13 through 18, 20 through 25, 27 through 32, 34 through 39, 41 through 46, 48 through 53, 55 through 60, 62 through 67, 69 through 74, 76 through 81, 83 through 88, 90 through 94, 96 through 101, 103 through 107 with the same force and effect as if fully set forth herein.

109. On or about April $20^{th}, 21^{st}, 22^{nd}$ 2016 and continuing through the month of May 2016, Defendant Spiars as an individual and as an appointed Judge by Defendant Park to the MCOA Bench Hearing of Mrs. Sanchez. Spiars was made aware of the libelous Complaint submitted by Defendant Gilley. Defendant Spiars republished said libelous statement in her review of the Bench Hearing prior to the Bench Hearing.

110. Defendant Spiars republished Gilley's statement "Despite being asked repeatedly by myself and several other persons to move away, back off and stop attacking me, Joe and Carla continued to **"harass me"** and my clients."

111. Defendant Spiars's republication of Gilley's Complaint stating that Mrs. Sanchez **"harass me"** is untrue, disparaging, and defamatory causing immediate and irreparable damage to Mrs. Sanchez's professional reputation as the President of "Sister's at a Crossroad", member of Classic Distributing and Beverage Group and founder of Southport Mastiffs, and as a breeder, seller and exhibitor of purebred Mastiffs, Pekinese, Boston Terriers, and Bull Mastiffs and, as a member of MCOA, and other breed clubs.

~15~

FILED: WESTCHESTER COUNTY CLERK 04/25/2017 04:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 56151/2017
RECEIVED NYSCEF: 04/26/2017

112. Defendant Spiars as an individual and as the Judge, has libeled Mrs. Sanchez causing her immediate and irreparable damage to her good name and reputation.

113. Based upon Spiars's republication of Defendant Gilley's libelous statement, Mrs. Sanchez demands damages in the amount of $1,000,000.00.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION

114. Plaintiff re-alleges the allegations contained in paragraphs 1 through 5, 7 through 11, 13 through 18, 20 through 25, 27 through 32, 34 through 39, 41 through 46, 48 through 53, 55 through 60, 62 through 67, 69 through 74, 76 through 81, 83 through 88, 90 through 94, 96 through 101, 103 through 107, 109 through 113, with the same force and effect as if fully set forth herein.

115. On or about the last week of March 2017, Plaintiff's attorney Nancy Ferguson Guttenberg engaged in phone conversations with Defendant Gilley, witnessed by Paralegal Nicholas Guttenberg, wherein Gilly stated, and it is quoted herein the following "**Mrs. Sanchez is insane and has been institutionalized for insanity".**

116. Said statement, as published is slander per se damaging the reputation and good name of Mrs. Sanchez.

117. Defendant Gilley, has slandered Mrs. Sanchez causing her immediate and irreparable damage to her good name and reputation.

118. Based upon Gilley's slanderous statement, Mrs. Sanchez demands damages in the amount of $500,000.00.

## AS AND FOR A EIGHTEENTH CAUSE OF ACTION

119. Plaintiff re-alleges the allegations contained in paragraphs 1 through 5, 7 through 11, 13 through 18, 20 through 25, 27 through 32, 34 through 39, 41 through 46, 48 through 53, 55 through 60, 62 through 67, 69 through 74, 76 through 81, 83 through 88, 90 through 94, 96 through 101, 103 through 107, 109 through 113, 115 through 118 with the same force and effect as if fully set forth herein.

120. On or about the last week of March 2017, Plaintiff's attorney Nancy Ferguson Guttenberg engaged in phone conversations with Defendant Gilley, witnessed by Paralegal Nicholas Guttenberg, wherein Gilly stated, and it is quoted herein the following "That Joe and Carla Sanchez hired a motorcycle gang to "**put a gun to Defendant Gilley's (former) husband's head to threaten him**"."

121. Said statement as published is slander per se disparaging the reputation and good name of Mrs. Sanchez.

~16~

122. Defendant Gilley, has slandered Mrs. Sanchez causing her immediate and irreparable damage to her good name and reputation.

123. Based upon Gilley's slanderous statement, Mrs. Sanchez demands damages in the amount of $2,000,000.00.

## AS AND FOR A NINETEENTH CAUSE OF ACTION

124. Plaintiff re-alleges the allegations contained in paragraphs 1 through 5, 7 through 11, 13 through 18, 20 through 25, 27 through 32, 34 through 39, 41 through 46, 48 through 53, 55 through 60, 62 through 67, 69 through 74, 76 through 81, 83 through 88, 90 through 94, 96 through 101, 103 through 107, 109 through 113, 115 through 118, 120 through 123 with the same force and effect as if fully set forth herein.

125. On or about April 20th 2016, Defendant Gilly, filed a Complaint with the MCOA and AKC was aware of the fact at the time she filed the Complaint, and appeared and offered false and libelous testimony before the Bench Hearing for the Mastiff Club of America Inc., which is a Not-for-Profit Social Club incorporated in the State of New York whose purpose is to conduct confirmation dog shows under the rules and regulation of the American Kennel Club Inc., which is a Not-for-Profit Dog Registry Incorporated under the Statutes of New York, to be reviewed and heard by a Bench Hearing, thereby, committing perjury.

126. In instituting this Bench Hearing and filing a Complaint based upon false testimony defendant was wrongfully prosecuting Mrs. Sanchez.

127. The wrongful prosecution by Bench Hearing before the MCOA and the AKC, has caused Mrs. Sanchez damage to her good name and reputation.

128. Based upon Gilley's perjury, Mrs. Sanchez demands that the determination of the Bench Hearings be thrown out, and an apology be issued by Gilley.

## AS AND FOR A TWENTIETH CAUSE OF ACTION

129. Plaintiff re-alleges the allegations contained in paragraphs 1 through 5, 7 through 11, 13 through 18, 20 through 25, 27 through 32, 34 through 39, 41 through 46, 48 through 53, 55 through 60, 62 through 67, 69 through 74, 76 through 81, 83 through 88, 90 through 94, 96 through 101, 103 through 107, 109 through 113, 115 through 118, 120 through 123, 125 through 128 with the same force and effect as if fully set forth herein.

130. Defendant Gilley was employed by Mrs. Sanchez for the period approximately 4 years

~17~

FILED: WESTCHESTER COUNTY CLERK 04/25/2017 04:27 PM
NYSCEF DOC. NO. 1
INDEX NO. 56151/2017
RECEIVED NYSCEF: 04/26/2017

131. Throughout Defendant Gilley's period of employment, the employer employee relationship was based upon the fiduciary responsibility of the employee respecting the privacy and goodwill that the employer had developed in the business world; specifically, liquor distribution. A condition of employment was that the employee "Gilley" would endeavor to promote Mastiffs bred and exhibited by Gilley on behalf of Carla Sanchez as a member of Classic Distributing and Beverage Group.

132. In addition to Mrs. Sanchez's business association, with Classic Distributing and Beverage Group, she is involved in charitable works on behalf of abused and battered women. Her Mastiffs and Southport Mastiffs are closely identified with these business and charitable endeavors.

133. Gilley has used the Sanchez name and dogs to promote her career as a Mastiff handler losing sight of the objectives of her employer.

134. This constitutes a taking of the good will and reputation of Mrs. Sanchez and her relationships with Classic Distributing and Beverage Group, Southport Mastiffs and her charitable works on behalf of abused and battered women.

135. Based upon Gilley's misappropriation of goodwill Mrs. Sanchez demands damages in the amount of $250,000.00.

## AS AND FOR A TWENTY FIRST CAUSE OF ACTION

136. Plaintiff re-alleges the allegations contained in paragraphs 1 through 5, 7 through 11, 13 through 18, 20 through 25, 27 through 32, 34 through 39, 41 through 46, 48 through 53, 55 through 60, 62 through 67, 69 through 74, 76 through 81, 83 through 88, 90 through 94, 96 through 101, 103 through 107, 109 through 113, 115 through 118, 121 through 123, 125 through 128, 130 through 135 with the same force and effect as if fully set forth herein.

137. Defendant Gilley has misappropriated photographs of Mastiffs bred, owned, and exhibited by Mrs. Sanchez to promote Gilley as a handler.

138. This use is without the knowledge and consent of Mrs. Sanchez.

139. Gilley was fired by Mrs. Sanchez.

140. Gilley's use of Mrs. Sanchez's photographs and names damages Mrs. Sanchez's good name and reputation.

141. Based upon Gilley's misappropriation, Mrs. Sanchez demands damages in the amount of $250,000.00.

## AS AND FOR A TWENTY SECOND CAUSE OF ACTION

~18~

FILED: WESTCHESTER COUNTY CLERK 04/25/2017 04:27 PM   INDEX NO. 56151/2017
NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 04/26/2017

142. Plaintiff re-alleges the allegations contained in paragraphs 1 through 5, 7 through 11, 13 through 18, 20 through 25, 27 through 32, 34 through 39, 41 through 46, 48 through 53, 55 through 60, 62 through 67, 69 through 74, 76 through 81, 83 through 88, 90 through 94, 96 through 101, 103 through 107, 109 through 113, 115 through 118, 120 through 123, 125 through 128, 130 through 135, 137 through 141 with the same force and effect as if fully set forth herein.

143. Gilley used and uses without permission or consent, Mrs. Sanchez's name, her husband's name and images of her dogs to promote Gilley as a Mastiff handler.

144. Gilley's unauthorized use is a misappropriation.

145. Based upon Gilley's misappropriation, Mrs. Sanchez demands damages in the amount of $250,000.00.

### AS AND FOR A TWENTY THIRD CAUSE OF ACTION

146. Plaintiff re-alleges the allegations contained in paragraphs 1 through 5, 7 through 11, 13 through 18, 20 through 25, 27 through 32, 34 through 39, 41 through 46, 48 through 53, 55 through 60, 62 through 67, 69 through 74, 76 through 81, 83 through 88, 90 through 94, 96 through 101, 103 through 107, 109 through 113, 115 through 118, 120 through 123, 125 through 128, 130 through 135, 137 through 141, 143 through 145 with the same force and effect as if fully set forth herein.

147. Gilley listed without permission or consent, Mrs. Sanchez's name as a co-owner on one of Gilley's Dogo Argentinios.

148. Mrs. Sanchez does not breed or show Dogo Argentinios, and said misappropriation of her good name good will, has damaged Mrs. Sanchez.

149. Based upon Gilley's misappropriation, Mrs. Sanchez demands damages in the amount of $250,000.00.

### AS AND FOR THE TWENTY FOURTH CAUSE OF ACTION

150. Plaintiff re-alleges the allegations contained in paragraphs 1 through 5, 7 through 11, 13 through 18, 20 through 25, 27 through 32, 34 through 39, 41 through 46, 48 through 53, 55 through 60, 62 through 67, 69 through 74, 76 through 81, 83 through 88, 90 through 94, 96 through 101, 103 through 107, 109 through 113, 115 through 118, 120 through 123, 125 through 128, 130 through 135, 137 through 141, 143 through 145, 147 through 149, with the same force and effect as if fully set forth herein.

151. Plaintiff, Mrs. Sanchez has just suffered the greatest loss of her life. She has just lost her life partner and beloved husband Joseph Sanchez.

~19~

FILED: WESTCHESTER COUNTY CLERK 04/25/2017 04:27 PM   INDEX NO. 56151/2017

NYSCEF DOC. NO. 1                                            RECEIVED NYSCEF: 04/26/2017

152. Defendant Gilley, a former employee fired by Joseph Sanchez has waited until the announcement of Joseph Sanchez's death to contact each and every one of Mrs. Sanchez's children to state that their mother is emotionally unstable.

153. Further without the immediate intervention of said children, defendant stated that Mrs. Sanchez would be a risk to herself, her family, and society.

154. Defendant Gilley's statement to Mrs. Sanchez's children have caused severe emotional distress to Mrs. Sanchez manifesting in physical ways.

155. Based upon Gilley's statement to her children Mrs. Sanchez had been subjected to severe emotional distress, and, therefore, demands damages in the amount of $250,000.00.

### AS AND FOR THE TWENTY FIFTH CAUSE OF ACTION

156. Plaintiff re-alleges the allegations contained in paragraphs 1 through 5, 7 through 11, 13 through 18, 20 through 25, 27 through 32, 34 through 39, 41 through 46, 48 through 53, 55 through 60, 62 through 67, 69 through 74, 76 through 81, 83 through 88, 90 through 94, 96 through 101, 103 through 107, 109 through 113, 115 through 118, 120 through 123, 125 through 128, 130 through 135, 137 through 141, 143 through 145, 147 through 149, 151 through 155, with the same force and effect as if fully set forth herein.

157. On or about April 20th, 21st, 22nd 2016 and continuing through the month of May 2016, Defendant Park as Bench Chair of the MCOA National Specialty was made aware by the submission of Mrs. Sanchez's Answer that a judge Defendant Parks was appointing to hear the bench trial had made a personal loan of $45,000 to Defendant Gilley. Despite being advised of this serious conflict of interest, Park as Bench Chair appointed Defendant Spiars to hear the case.

158. Defendant Parks intentional appointment of a conflicted judge to reside on a three panel bench to hear Mrs. Sanchez's defense resulted in a biased trial.

159. Defendant Park's rigging the outcome of the Bench Hearing by appointing a bias judge resulted in a holding against Mrs. Sanchez, thereby damaging Mrs. Sanchez's professional reputation as the President of "Sister's at a Crossroad", member of Classic Distributing and Beverage Group and founder of Southport Mastiffs, and as a breeder, seller and exhibitor of purebred Mastiffs, Pekinese, Boston Terriers, and Bull Mastiffs and, as a member of MCOA, and other breed clubs.

160. Defendant Park as an individual, and as the Bench Chair of MCOA National Specialty, conflicted actions have caused Mrs. Sanchez causing her immediate

FILED: WESTCHESTER COUNTY CLERK 04/25/2017 04:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 56151/2017

RECEIVED NYSCEF: 04/26/2017

and irreparable damage to her good name and reputation, and therefore, Mrs. Sanchez demands damages in the amount of $500,000.00.

## AS AND FOR THE TWENTY SIXTH CAUSE OF ACTION

161. Plaintiff re-alleges the allegations contained in paragraphs 1 through 5, 7 through 11, 13 through 18, 20 through 25, 27 through 32, 34 through 39, 41 through 46, 48 through 53, 55 through 60, 62 through 67, 69 through 74, 76 through 81, 83 through 88, 90 through 94, 96 through 101, 103 through 107, 109 through 113, 115 through 118, 120 through 123, 125 through 128, 130 through 135, 137 through 141, 143 through 145, 147 through 149, 151 through 155, 157 through 160 with the same force and effect as if fully set forth herein.

162. On or about April 20th, 21st, 22nd 2016 and continuing through the month of May 2016, Defendant Spiars as Bench Hearing Judge of the MCOA National Specialty was made aware by the submission of Mrs. Sanchez's Answer, that there was a conflict of interest raised due to her issuing a loan in the amount of $45,000 to Defendant Gilley.

163. Defendant Spiars despite the presence of a conflict of interest failed to recuse herself from Mrs. Sanchez's Bench Hearing.

164. Defendant Spiars failing to recuse herself due to conflict, sitting on a three judge bench with Parks and delivering a verdict of guilty damaged Mrs. Sanchez's professional reputation as the President of "Sister's at a Crossroad", member of Classic Distributing and Beverage Group and founder of Southport Mastiffs, and as a breeder, seller and exhibitor of purebred Mastiffs, Pekinese, Boston Terriers, and Bull Mastiffs and, as a member of MCOA, and other breed clubs.

165. Defendant Spiars as an individual and as the appointed Judge of the Bench Hearing was conflicted and bias, resulting in a verdict of guilty on the allegations alleged, causing Mrs. Sanchez immediate and irreparable damage to her good name and reputation, and therefore Mrs. Sanchez demands damages in the amount of $500,000.00.

***WHEREFORE, the Plaintiff Carla Sanchez demands judgment against the Defendants as follows:***

1. On the First Cause of Action, $1,000,000.00 together with interest thereon from April 20th 2016, plus plaintiff's costs and disbursements, including reasonable counsel fees.

2. On the Second Cause of Action, $500,000.00 together with interest thereon from April 20th 2016, plus plaintiff's costs and disbursements, including reasonable counsel fees.

~21~

FILED: WESTCHESTER COUNTY CLERK 04/25/2017 04:27 PM   INDEX NO. 56151/2017
NYSCEF DOC. NO. 1                                              RECEIVED NYSCEF: 04/26/2017

3. On the Third Cause of Action, $1,000,000.00 together with interest thereon from April 20th 2016, plus plaintiff's costs and disbursements, including reasonable counsel fees.

4. On the Fourth Cause of Action, $500,000.00 together with interest thereon from April 20th 2016, plus plaintiff's costs and disbursements, including reasonable counsel fees.

5. On the Fifth Cause of Action, $1,000,000.00 together with interest thereon from April 20th 2016, plus plaintiff's costs and disbursements, including reasonable counsel fees.

6. On the Sixth Cause of Action, $1,000,000.00 together with interest thereon from April 20th 2016, plus plaintiff's costs and disbursements, including reasonable counsel fees.

7. On the Seventh Cause of Action, $1,000,000.00 together with interest thereon from April 20th 2016, plus plaintiff's costs and disbursements, including reasonable counsel fees.

8. On the Eighth Cause of Action, $1,000,000.00 together with interest thereon from April 20th 2016, plus plaintiff's costs and disbursements, including reasonable counsel fees.

9. On the Ninth Cause of Action, $1,000,000.00 together with interest thereon from April 20th 2016, plus plaintiff's costs and disbursements, including reasonable counsel fees.

10. On the Tenth Cause of Action, $1,000,000.00 together with interest thereon from April 20th 2016, plus plaintiff's costs and disbursements, including reasonable counsel fees.

11. On the Eleventh Cause of Action, $1,000,000.00 together with interest thereon from April 20th 2016, plus plaintiff's costs and disbursements, including reasonable counsel fees.

12. On the Twelfth Cause of Action, $1,000,000.00 together with interest thereon from April 20th 2016, plus plaintiff's costs and disbursements, including reasonable counsel fees.

13. On the Thirteenth Cause of Action, $1,000,000.00 together with interest thereon from April 20th 2016, plus plaintiff's costs and disbursements, including reasonable counsel fees.

INDEX NO. 56151/2017
RECEIVED NYSCEF: 04/26/2017

14. On the Fourteenth Cause of Action, $1,000,000.00 together with interest thereon from April 20th 2016, plus plaintiff's costs and disbursements, including reasonable counsel fees.

15. On the Fifteenth Cause of Action, $1,000,000.00 together with interest thereon from April 20th 2016, plus plaintiff's costs and disbursements, including reasonable counsel fees.

16. On the Sixteenth Cause of Action, $1,000,000.00 together with interest thereon from April 20th 2016, plus plaintiff's costs and disbursements, including reasonable counsel fees.

17. On the Seventeenth Cause of Action, $500,000.00 together with interest thereon from April 20th 20, plus plaintiff's costs and disbursements, including reasonable counsel fees.

18. On the Eighteenth Cause of Action, $2,000,000.00 together with interest thereon from April 20th 2016, plus plaintiff's costs and disbursements, including reasonable counsel fees.

19. On the Nineteenth Cause of Action, based upon Gilley's perjury, Mrs. Sanchez that the determination of the Bench Hearings be thrown out, and an apology be issued by Gilley.

20. On the Twentieth Cause of Action, $250,000.00 together with interest thereon from April 20th 2016, plus plaintiff's costs and disbursements, including reasonable counsel fees.

21. On the Twenty First Cause of Action, $250,000.00 together with interest thereon from April 20th 2016, plus plaintiff's costs and disbursements, including reasonable counsel fees.

22. On the Twenty Second Cause of Action, $250,000.00 together with interest thereon from April 20th 2016, plus plaintiff's costs and disbursements, including reasonable counsel fees.

23. On the Twenty Third Cause of Action, $250,000.00 together with interest thereon from April 20th 2016, plus plaintiff's costs and disbursements, including reasonable counsel fees.

24. On the Twenty Fourth Cause of Action, $250,000.00 together with interest thereon from April 20th 2016, plus plaintiff's costs and disbursements, including reasonable counsel fees.

FILED: WESTCHESTER COUNTY CLERK 04/25/2017 04:27 PM   INDEX NO. 56151/2017
NYSCEF DOC. NO. 1                                      RECEIVED NYSCEF: 04/26/2017

25. On the Twenty Fifth Cause of Action, $500,000.00 together with interest thereon from April 20th 2016, plus plaintiff's costs and disbursements, including reasonable counsel fees.

26. On the Twenty Sixth Cause of Action, $500,000.00 together with interest thereon from April 20th 2016, plus plaintiff's costs and disbursements, including reasonable counsel fees.

27. On all twenty-six causes of action, such other and further relief as the Court deems just and proper.

*Dated:  April 25th, 2017*
*Westchester, New York*

*Nancy Guttenberg*
_____

**NANCY FERGUSON-GUTTENBERG, ESQ.**
**399 Hawley Road**
**North Salem New York**
**(518) 536-0292**

~24~

Case 7:17-cv-03771-CS   Document 1-1   Filed 05/18/17   Page 26 of 29

FILED: WESTCHESTER COUNTY CLERK 05/09/2017 06:25 PM   INDEX NO. 56151/2017
NYSCEF DOC. NO. 4                                               RECEIVED NYSCEF: 05/09/2017

## NOTICE OF SERVICE

*STATE OF NEW YORK*

                           *SS:*

*COUNTY OF WESTCHESTER*

**I, Nancy Guttenberg, being sworn, say:**

I am not a party to the action, am over 18 years of age and maintain an office at 3248 Calle De Molina, Santa Fe New Mexico, 87507, and at 399 Hawley Road, North Salem New York, 10560  On April 26th, 2017, I served the within Summons and   Complaint by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive case and custody of the U.S. Postal Service within New Mexico State, addressed to each of the following persons,  Pamela Gilley, Bonnie Blink, Karen Park, and Jackie Spiars.

*Nancy Guttenberg*

Nancy Guttenberg
399 Hawley Road
North Salem New York
10560

1 of 2

FILED: WESTCHESTER COUNTY CLERK 05/09/2017 06:25 PM
NYSCEF DOC. NO. 4

INDEX NO. 56151/2017

RECEIVED NYSCEF: 05/09/2017

*SUPREME COURT OF THE STATE OF NEW YORK*

*COUNTY OF WESTCHESTER*

Date:
April 26, 2017

*INDEX No:*

_____

*CARLA SANCHEZ.*

              *Plaintiff,*                                    *Index No.*

           *- against -*                                  *COMPLAINT*

*PAMELA GILLEY,*
*BONNIE BLINK,*
*KAREN PARK,*
*JACKIE SPIARS.*

              *Defendants.*

_____

_____

# Summons and Complaint

_____

**NANCY FERGUSON-GUTTENBERG**
**ATTORNEY FOR PLAINTIFF**
**399 HAWLEY ROAD**
**NORTH SALEM, NEW YORK 10560**
**518-536-0292: guttenbergnancy1994@gmail.com**